STATE OF NORTH CAROLINA v. FLOYD DIXON

No. 680A86

(Filed 5 November 1987)

1. **Homicide § 25.2— premeditation and deliberation—instructions—no plain error**

    There was no plain error in the trial court's instruction on premeditation and deliberation in a first degree murder prosecution where the evidence showed that defendant deliberately shot and killed the victim while the victim was walking away from him. It may not reasonably be said that the jury's verdict depended on the fine distinctions defendant made in his complaint about the charge.

2. **Homicide § 12— first degree murder—indictment—no aggravating factors listed**

    The error in a first degree murder prosecution was in defendant's favor where the prosecutor announced prior to trial that the State was not seeking the death penalty because there were no aggravating factors listed on the indictment. It is not necessary to list the aggravating factors on the bill of indictment in order to seek the death penalty.

APPEAL of right pursuant to N.C.G.S. § 7A-27(a) by defendant from a judgment by *Lewis (John B., Jr.), Judge,* imposing a life sentence after the defendant was convicted of first degree murder at the 18 August 1986 criminal term of Superior Court, GREENE County. Heard in the Supreme Court 14 October 1987.

The defendant was tried for first degree murder. The evidence for the State showed that on 19 January 1986 Walter Speight, accompanied by his relative Reggie Speight, was in a "drinking establishment" operated by the defendant. Walter Speight was in an altercation with Calvin Aytch which ended in a handshake between the two men. Shortly after the altercation, Calvin Aytch engaged in a conversation with the defendant. Reggie Speight overheard the defendant say, "Do you want it . . . but do you want it?" Reggie Speight then told Walter Speight, "Man, they are talking about shooting; let's go."

The defendant was observed leaving the premises after talking to Calvin Aytch. The defendant returned a few minutes later with a 12 gauge shotgun and met Walter Speight who was standing in the door of the "drinking establishment." The defendant pointed the shotgun at Walter Speight and forced him into the building. Walter Speight said, "Come on, no need of that." As the defendant advanced, Walter Speight raised his arms and begged for his life. Walter Speight backed into the area of the "jukebox" and dropped his arms. He turned his back on the defendant and started to walk away from him. At this time, the defendant followed Walter Speight and shot him in the back at point blank range. Walter Speight fell to the floor. At this time, Reggie Speight started into the building. The defendant turned to Reggie Speight and said, "If you come in I will shoot you too." The defendant then left the scene, appearing to be calm. Walter Speight died as a result of the gunshot wounds.

The defendant was convicted of first degree murder. The question as to whether the death penalty would be imposed was not submitted to the jury and the court sentenced the defendant to life imprisonment.

*Lacy H. Thornburg, Attorney General, by Christopher P. Brewer, Special Deputy Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Louis D. Bilionis, Assistant Appellate Defender, for defendant appellant.*

WEBB, Justice.

[1]   The defendant's only assignment of error is to the charge to the jury. The court charged the jury in part as follows:

> Neither premeditation nor deliberation are usually susceptible of direct proof. They may be proved by circumstances from which they may be inferred such as the lack of provocation by the victim, conduct of the defendant before, during and after the killing, threats and declarations of the defendant, use of grossly excessive force, brutal or vicious circumstances of the killing, the manner in which or the means by which the killing was done.

The defendant contends this charge was erroneous in two respects. He says that it recites circumstances which were not in evidence and that it alleviated the requirement of the State that it prove premeditation and deliberation beyond a reasonable doubt. The defendant, relying on *Francis v. Franklin*, 471 U.S. 307, 85 L.Ed. 2d 344 (1985), contends that by charging as it did, the court told the jury the State had satisfied its burden of proof as to premeditation and deliberation when it proved any of the predicate facts upon which premeditation and deliberation could be based.

> The defendant did not object to the charge when given. He has waived his right to appeal from this portion of the charge. N.C.R. App. P. 10(b)(2). If we are to review it, we must do so pursuant to the plain error rule, which was first enunciated in this state in *State v. Odom*, 307 N.C. 655, 300 S.E. 2d 375 (1983). In *Odom* we said,

> > "[T]he plain error rule . . . is always to be applied cautiously and only in the exceptional case where, after reviewing the entire record, it can be said the claimed error is a '*fundamental* error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done,' or 'where [the error] is grave error which amounts to a denial of a fundamental right of the accused,' or the error has 'resulted in a miscarriage of justice or in the denial to appellant of a fair trial' or where the error is such as to 'seriously affect the fairness, integrity or public reputation of judicial proceedings' or where it can be fairly said 'the instructional

State v. Dixon

mistake had a probable impact on the jury's finding that the defendant was guilty.' "

*Id.* at 660, 300 S.E. 2d at 378 (quoting *United States v. McCaskill,* 676 F. 2d 995, 1002 (4th Cir. 1982) (footnotes omitted) ). In *State v. Walker,* 316 N.C. 33, 340 S.E. 2d 80 (1986) and *State v. Oliver,* 309 N.C. 326, 307 S.E. 2d 304 (1983), we said that in order to consider an assignment of error under the plain error rule, an appellate court must determine that the alleged error "tilted the scales" and caused the jury to reach its verdict convicting the defendant.

We hold that if there was error in the charge, as contended by the defendant, it was not plain error. The evidence of first degree murder against the defendant was overwhelming. It showed that he deliberately shot and killed Walter Speight when Walter Speight was walking away from him. It takes little time to premeditate and deliberate. *State v. Sanders,* 276 N.C. 598, 174 S.E. 2d 487 (1970), *reversed on other grounds,* 403 U.S. 948, 29 L.Ed. 2d 860 (1971). It would be hard not to infer that the defendant's action was the result of premeditation and deliberation. We do not believe it may reasonably be said that the jury's verdict depended on the fine distinctions defendant makes in his complaint about the charge. We hold that what the defendant contends was error in the charge did not "tilt the scales" against the defendant. There was not plain error in the charge of the court.

[2]    Prior to the trial the prosecuting attorney announced "there are no aggravating circumstances on the bill of indictment and therefore, the State is not seeking the death penalty." It is not necessary to list aggravating circumstances on the bill of indictment in order to seek the death penalty. *State v. Williams,* 304 N.C. 394, 284 S.E. 2d 437 (1981). This was error favorable to the defendant. *State v. Jones,* 299 N.C. 298, 261 S.E. 2d 860 (1980).

No error.